UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Holly J. Szymczak,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:20-cv-5909

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

On December 3, 2021, Magistrate Judge Vascura issued a Report and Recommendation ("R&R") recommending the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner of Social Security's denial of benefits in this Social Security case. R&R, ECF No. 24. Plaintiff received an extension of time to object and timely objected. Obj., ECF No. 27.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews de novo those portions of the R&R to which proper objections were made. Fed. R. Civ. P. 72(b).

On objection, Plaintiff argues Magistrate Judge Vascura misapplied the reasoning of *Winn v. Commissioner of Social Security*, 615 F. App'x 315 (6th Cir. June 15, 2015), to this case. Obj. 2, ECF No. 27. Specifically, Plaintiff contends Magistrate Judge Vascura inappropriately distinguished *Winn* from this case simply because *Winn* involved the now-obsolete Treating Physician Rule. *Id.* Rather, Plaintiff asserts, the *Winn* court found that an ALJ erred by relying solely

on a plaintiff's improvement from a baseline position to support a less-restrictive Residual Functional Capacity ("RFC") than the one opined by the plaintiff's physician. *Id.* Plaintiff argues that reasoning applies in this case because the ALJ here relied solely on Plaintiff's improvement from a baseline position to support a less-restrictive RFC. *Id.* She argues the Magistrate Judge erred in refusing to apply *Winn's* reasoning simply because *Winn* involved the now-obsolete Treating Physician Rule. *Id.*

The Court has reviewed this portion of the R&R de novo. Plaintiff's objection is overruled because *Winn* does not undermine the ALJ's RFC determination in this case.

*Winn* involved an ALJ who cherry picked phrases out of treatment notes that "indicate[d] progress and improvement from some previous baseline" but ignored the fact that the remainder of the treatment notes and record evidence showed that the plaintiff still suffered from a severe impairment despite the improvement. *See Winn*, 615 F. App'x at 323; *id.* at 325 ("Although [the plaintiff's] medical records suggest that her treatment was helping her, the ALJ had no basis for the determination that [her] mental impairments had subsided to the point that they were no longer severe."). This rendered erroneous the ALJ's decision to accord little weight to the plaintiff's treating physician and meant the ALJ's determination that the plaintiff lacked a severe impairment was not supported by substantial evidence. *Id.* at 321–26.

Whereas the ALJ in *Winn* inappropriately relied on isolated instances of improvement to disregard the plaintiff's physician's opinion that the plaintiff nonetheless remained disabled, the ALJ here did not use Plaintiff's improvement as a basis for refusing to adopt any physician's opinion or recommended limitations. Critically, the ALJ adopted the only opined restriction related to Plaintiff's upper left extremity, *compare* R. at 169 (Dr. Hughes's opined restriction) *with* R. at 33 (ALJ's adoption of the same), and adopted overall limitations that were *more restrictive* than the only opinion evidence in the record. R. at 41–42. The ALJ here thus did not inappropriately substitute her own judgment for that of the medical experts. *Cf. Winn*, 615 F. App'x at 325 ("By concluding that the improvement experienced by [the plaintiff] rendered her no longer 'severely' impaired, the ALJ impermissibly substituted her judgment for that of [the plaintiff's] treating psychiatrist." (citation omitted)).

The Magistrate Judge correctly analyzed and applied *Winn* to this case, and Plaintiff's objection is overruled. The R&R is **ADOPTED**, Plaintiff's Statement of Specific Errors is **OVERRULED**, and the Commissioner's decision is **AFFIRMED**. The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT